UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIERRA DEVELOPMENT CO., d/b/a CLUB CAL NEVA, <br><br> Plaintiff, <br><br> v. <br><br> CHARTWELL ADVISORY GROUP, LTD., <br><br> Defendant. | Case No. 3:13-cv-00602-RFB-VPC <br><br> **<u>ORDER</u>** |
| CHARTWELL ADVISORY GROUP, LTD., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> SIERRA DEVELOPMENT CO., *et al*., <br><br> Counterclaim Defendants. | |

On May 26, 2015, the Court held a hearing in this case in which it denied the Counterclaim Defendants' pending Motions to Dismiss and denied their pending Motions to Sever without prejudice. At the hearing, the Court noted that an automatic stay is applicable to certain of the Caesars-related Counterclaim Defendants pursuant to 11 U.S.C. § 362, and indicated that it would issue a written order clarifying the parties to which the automatic stay applies. The Court also informed the parties that it would issue a written ruling clarifying whether Counterclaim Defendant Caesars Entertainment Corporation (CEC) should be dismissed from this case as requested in the Motion to Dismiss (ECF No. 108) filed by CEC and other Caesars parties. This Order follows that hearing and contains the Court's ruling on these issues.

///

### A. Automatic Stay

On January 22, 2015, Counterclaim Defendants Caesar's Entertainment Operating Company, Inc., 3535 LV Corporation, Caesar's Entertainment Golf, Inc., Desert Palace, Inc., FHR Corporation, Harveys Tahoe Management Company, Inc., Parball Corporation, and Rio Development Company, Inc. filed a Notice of Suggestion of Bankruptcy on the record. ECF No. 217. For the reasons stated on the record at the hearing on May 26, 2015, this Court reiterates that this filing operates as a stay of the continuation of this action against those parties pursuant to 11 U.S.C. § 362(a).

Moreover, counsel for Caesars[1] informed the Court at the May 26 hearing that Counterclaim Defendant Harrah's Imperial Palace Corporation is now known as 3535 LV Corporation and that these two entities are one and the same. Therefore, the automatic stay shall also apply to Harrah's Imperial Palace Corporation to the extent Chartwell continues to assert any claims against it.

### B. Dismissal of Caesars Entertainment Corporation

In its Motion to Dismiss, Caesars asserted that CEC should be dismissed from this case because it is a parent corporation that was not a party or successor-in-interest to any of the contracts its subsidiaries signed with Chartwell. Caesars also requests that the Court take judicial notice of various SEC filings, press releases, and newspaper articles it claims demonstrate the corporate structure of the Caesars parties and establish that Caesars Entertainment Corporation is not a party to any of Chartwell's contracts with the Caesars parties. ECF Nos. 110, 111.

Courts may take judicial notice of adjudicative facts that cannot be reasonably disputed because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Further, courts are required to take judicial

---

[1] The term "Caesars" refers collectively to the following entities as named in Chartwell's Answer and Counterclaim (ECF No. 18): Caesar's Entertainment Corp.; Caesar's Entertainment Operating Co., Inc.; Harrah's Las Vegas LLC; Harrah's Laughlin LLC; Harvey's Tahoe Management Co., Inc.; Rio Development Co., Inc.; Rio Properties, LLC; 3535 LV Corp.; Caesar's Entertainment Golf, Inc.; Desert Palace, Inc.; FHR Corp.; Harrah's Imperial Palace Corp.; and Parball Corp. Counsel for the Caesars Parties informed the Court that Counterclaim Defendant Colony Resorts LVH Acquisitions, LLC ("Colony") is not a Caesars-related entity, despite it being so named in the Counterclaim. Chartwell did not dispute this representation. Therefore, Colony is excluded from any discussion of the Caesars parties.

notice of adjudicative facts if a party so requests and supplies the court with the necessary information. Fed. R. Evid. 201(c).

The Court takes judicial notice of the existence of the documents provided by Caesars, but not their contents. The articles and press releases submitted by Caesars serve to demonstrate what was in the public domain at the time and are admissible for that purpose, but are not admissible to demonstrate the truth of their contents. Von Saher v. Norton Simon Museum of Art, 592 F.3d 954, 960 (9th Cir. 2009) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."). As for the SEC filings, while they are properly subject to judicial notice, Dreiling v. Am. Express Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006), Chartwell has opposed the taking of judicial notice insofar as it pertains to the truth of the contents of the filings. The Court finds that the contents of Caesars' SEC filings are subject to reasonable dispute and it shall therefore only take judicial notice of the *existence* of these filings, not the truth of their contents. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. But a court may not take judicial notice of a fact that is subject to reasonable dispute."); id. at 690 (holding that by accepting as true the validity of a waiver contained in an external court document, "the district court failed to draw all reasonable inferences from plaintiffs' allegations" claiming otherwise); cf. Northstar Fin. Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1043 (9th Cir. 2015) (taking judicial notice of SEC filings, but noting that the documents were referenced in the complaint, the information was made publicly available by the SEC, and neither party disputed "the authenticity of the [documents] or the accuracy of the information displayed therein.") (alteration in original).

At the May 26 hearing, the Court found that Chartwell has stated claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment against CEC. The reasons for this finding were stated on the record at the hearing. The existence of the documents contained in Caesars' Request for Judicial Notice do not establish that CEC must be dismissed from Chartwell's contract-based claims. Without conducting a detailed factual

1  inquiry and considering evidence as to the truth of the documents filed in CEC's Request for
2  Judicial Notice, the Court cannot make the heavily fact-bound determination of which entities
3  succeeded to the Chartwell-Park Place contract and whether CEC now bears any liability on any
4  of the contracts between Chartwell and the Caesars parties. The Court declines to do so at the
5  motion to dismiss stage.

## ORDER

For the reasons stated above,

**IT IS ORDERED** that this case is hereby STAYED as to Counterclaim Defendants Caesar's Entertainment Operating Company, Inc., 3535 LV Corporation, Caesar's Entertainment Golf, Inc., Desert Palace, Inc., FHR Corporation, Harveys Tahoe Management Company, Inc., Parball Corporation, Rio Development Company, Inc., and Harrah's Imperial Palace Corporation pursuant to 11 U.S.C. § 362(a).

**IT IS FURTHER ORDERED** that Counterclaim Defendant Caesars Entertainment Corporation's motion to be dismissed as a party, made within its Motion to Dismiss (ECF No. 108), is DENIED.

DATED: June 19, 2015.

_____
**RICHARD F. BOULWARE II**
**United States District Judge**