# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SIERRA DEVELOPMENT COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTWELL ADVISORY GROUP, LTD.,<br><br>    Defendant.<br><br>AND RELATED CLAIMS. | 3:13-cv-0602-RTB-VPC<br><br>**ORDER RE NEVADA RESORT<br>ASSOCIATION PRIVILEGE LOG** |

On March 14, 2016, this court held a case management conference in this case (#364). The court heard arguments on defendant/counterclaim plaintiff Chartwell's motion to compel non-party Nevada Resort Association ("NRA") to produce documents withheld under claims of privilege and to determine NRA and counterclaim defendants' claims of common interest and/or joint defense privilege (#338). The NRA opposed (#345) and several of the gaming property parties joined in that opposition (#s 346, 347, 348, 351 & 352). Chartwell's reply followed (#358).

At the case management hearing, Chartwell argued, among other things, that the NRA's privilege log did not provide enough detail for the court or Chartwell to evaluate the privilege claims and that such a failure constitutes waiver of the privilege. A party withholding documents on the basis of privilege must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(ii). Rule 45(e) corresponds in substantial part to Fed. R. Civ. P. 26(b)(5), and it imposes similar requirements on a subpoena recipient. *See*

Fed. R. Civ. P. 45 Advisory Comm. Notes (1970 Amendments). The Advisory Committee explained that a privilege log "must ... provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." Fed. R. Civ. P. 26 Advisory Comm. Note (1993 Amendments). This requires a "description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addresses and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof." *U.S. Union Pacific R. Co.*, No. Civ. 06-1740 FCD KJM, 2007 WL 1500551, at * 3 (E.D. Cal. May 2, 2007). "Failure to provide sufficient information may constitute a waiver of the privilege." *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal 2005). A person who claims a privilege or protection but "fails to provide adequate information about the privilege or protection claim to the party seeking the information is subject to an order to show cause why the person should not be held in contempt ...." Fed. R. Civ. P. 45 Advisory Comm. Note (1991 Amendments).

The court observed at the hearing that although it was inclined to agree that the NRA had, in fact, failed to provide sufficient information to enable others to evaluate the claims of privilege or protection, it would err on the side of caution and review the documents *in camera.* The NRA produced, *in camera*, all documents corresponding with the privilege log (#364), and this order follows.

The court undertook three document reviews. First, the court reviewed the binder – document-by-document – without reference to the parties' discussions in their briefs. Next, the court relied on Chartwell's classification of the documents as outlined in its motion to compel (#338). This categorization of documents was particularly helpful in sorting through the documents, although neither the NRA nor other plaintiffs/counterdefendants responded with arguments in kind. However,

the court also reviewed those arguments in response to Chartwell's. Finally, the court reviewed the documents a third time to determine whether documents not cited in Chartwell's brief were subject to a privilege or work product protection. For purposes of this order, the court relies, in part, on Chartwell's classification of documents for its analysis.

## I. Analysis of the Documents Produced *In Camera*

### A. Documents sent internally among non-lawyers at the NRA

The documents in this category are bates-numbered 40, 256-57, 452, 453-54, 455, 456, 178, 179, 180-81, 209, 210-214, 217-19, and 220-23. These documents are not subject to the attorney-client privilege or work product protection; therefore, they shall be produced.

### B. Documents exchanged between the NRA and R&R Partners

The documents in this category are bates-numbers 25-26, 182-85, 244, 245-52, 283, 284, 285-87, 292-93, 294-300, 301, 302-05, 312, 313-29, 330, 331-36, 337-42, 49, 50, 144, 145-65, 166-67, 168-69, 170, 171-72, 258-60, and 261-66. These documents are not subject to the attorney-client privilege or work-product protection; therefore, they shall be produced.

### C. Documents exchanged between the NRA and Ferraro Group

The documents in this category are bates-numbered 140, 189, 190-94, 253, and 254-55. These documents are not subject to the attorney-client privilege or work product protection; therefore, they shall be produced.

### D. Documents exchanged between the NRA and non-lawyer employees of gaming companies

The documents in this category are bates-numbered 1, 2-7, 8-15, 29-31, 56-57, 58-60, 61, 62-63, 126, 130, 131-34, 195, 196-200, 201-02, 203, 204-06, 207-08, 280-81, 282, 306, 432, 433, 434-35, 32-35, 85-86, and 108-09. With the exceptions of the three documents listed below, none of these documents is subject to the attorney-client privilege or work product protection and shall be

produced.  The three documents that the NRA shall not be required to disclose and/or shall redact and produce as follows:

    1.    Doc. 29-31:    The NRA shall produce the email from Andy Abboud to Virginia Valentine, but the remainder of the email string shall not be produced.

    2.    Doc. 32-35:    The NRA shall produce the entire email string on pages 32-33, except for the email from John Bartlett to Virginia Valentine, which begins on page 33 and concludes on page 35.

    3.    Doc. 85-86:    The NRA shall produce this email string, but shall redact paragraph two in its entirety and the third, fourth and fifth sentences in the third paragraph of the email from Virginia Valentine at Doc. 85.

**E.  Documents exchanged between the NRA and in-house counsel for gaming companies**

The documents in this category are bates-numbered 19-21, 53-55, 289-91, 309-11, 436, 97-98, 345-48, 349-53, 354-70, 371-77, 378-79, 101-02, 103-07, 116-17, 399, and 400-31. With the exceptions listed below, none of these documents is subject to the attorney-client privilege or work product protection and shall be produced.  There are two documents the NRA shall not be required to disclose and/or shall redact and produce as follows:

    1.    Doc. 53-55:    The NRA shall produce this email string, but shall redact on page 54 the second sentence of the first paragraph of the email addressed to "Members."
The NRA shall redact the email string between John Bartlett and Virginia Valentine on pages 54-55.

    2.    Doc. 97-98:    The NRA shall produce this email strong, but shall redact the second paragraph of the email on page 98 to "Members" from Virginia Valentine.

**F.  Mass emails that the NRA sent**

The documents in this category are bates-numbered 41-42, 72-73, 74-81, 87-88, 89-96, 114, 115, 186, 187-88, 226-27, 228-34, 267, 268-73, 274-79.  With the exceptions listed below, none of these documents is subject to the attorney-client privilege or work product protection and shall be

produced. There are four documents the NRA shall not be required to disclose and/or shall redact and produce as follows:

    1.    Doc. 41-42:    The NRA shall produce this email string, but shall redact paragraph one of the email to "Members" from Virginia Valentine and the last sentence of paragraph two of that same email. The NRA shall not produce the email from John Bartlett to Virginia Valentine on page 42.

    2.    Doc. 72-73:    The NRA shall produce Virginia Valentine's March 22, 2012 email, but shall redact the second and third sentences of the first paragraph. John Bartlett's email of March 24, 2012 is privileged and shall not be produced.

    3.    Doc. 74-81:    This document is subject to work product protection and shall not be produced.

    4.    Doc. 89-96:    This document is subject to work product protection and shall not be produced.

**G.    Emails between the NRA and other third parties**

The documents in this category are bates-numbered 45, 46, 47-48, 110, 173. None of these documents is subject to attorney-client privilege or work product protection. In addition, the NRA failed to include a copy of Doc. Nos. 46 and 47-48 for the court's *in camera* review. These documents shall be produced.

**H.    Documents contained in the privilege log, but not identified by Chartwell.**

In its review of the parties' briefing about specific documents identified in the privilege log, there are some that Chartwell did not identify. The court undertook, as best it could, to identify these documents to decide whether they should be produced. What follows is the court's decision regarding these documents:

    1.    Doc. 27-28:    This document is privileged and shall not be produced.

    2.    Doc. 32-35:    Doc. 32 is not subject to the attorney-client privilege or work product protection and shall be produced. Doc. 33-35 is subject to the attorney-client privilege and shall not be produced.

3. Doc. 40: Doc. 40 is subject to the attorney-client privilege and shall not be produced.

4. Doc. 51-52: This NRA shall produce this email string with the exception of the email exchanges between John Bartlett and Virginia Valentine at page 52, as that portion of the email string is protected by attorney-client privilege.

5. Doc. 64-71: Doc. 64-71 is subject to the attorney-client privilege and shall not be produced.

6. Doc. 82-84: Doc. 82 is a privileged document and shall not be produced. Doc. 83-84 is not subject to the attorney-client privilege or work product protection and shall be produced.

7. Doc. 99-100: Doc. 99-100 is not protected by attorney-client privilege or work product protection and shall be produced.

8. Doc. 111: Doc. 111 is subject to attorney-client privilege and shall not be produced

9. Doc. 112-13: Doc. 112-13 is not subject to the attorney-client privilege or work product protection and shall be produced.

10. Doc. 118 Doc. 118 is protected by attorney-client privilege and shall not be produced.

11. Doc. 127-29: Doc. 127-29 is protected by attorney-client privilege and shall not be produced.

12. Doc. 235-36: Doc. 235-36 is not subject to the attorney-client privilege or work product protection and shall be produced.

13. Doc. 237-43: Doc. 237-43 is not subject to the attorney-client privilege or work product protection and shall be produced.

14. Doc. 288: Doc. 288 is not subject to the attorney-client privilege or work product protection and shall be produced.

15. Doc. 307-08: Doc. 307-08 is not subject to the attorney-client privilege or work product protection and shall be produced.

16. Doc. 436: Doc. 436 is not subject to the attorney-client privilege or work product protection and shall be produced.

17. Doc. 457-71: Doc. 457-71 is not subject to attorney-client privilege or work product protection and shall be produced.

18. Doc. 474-76: Doc. 474-76 is not subject to attorney-client privilege or work product protection and shall be produced.

19. Doc. 477: Doc. 477 is not subject to attorney-client privilege or work product protection and shall be produced.

20. Doc. 478-80: Doc. 478-80 is subject to attorney-client privilege and shall not be produced.

21. Doc. 481-82: Doc. 481-82 is subject to attorney-client privilege and shall not be produced.

22. Doc. 498-99: Doc. 498-99 is not subject to attorney-client privilege or work product protection and shall be produced.

23. Doc. 500-01: Doc. 500-01 is not subject to attorney-client privilege or work product protection and shall be produced.

24. Doc. 503-07: Doc. 503-07 is not subject to attorney-client privilege or work product protection and shall be produced.

25. Doc. 514-15: Doc. 514-15 is not subject to attorney-client privilege or work product protection and shall be produced.

26. Doc. 567-68: Doc. 567-68 is not subject to attorney-client privilege or work product protection and shall be produced.

27. Doc. 572-79: Doc 572-79 is not subject to attorney-client privilege or work product protection and shall be produced.

28. Doc. 583: Doc 583 is not subject to attorney-client privilege or work product protection and shall be produced.

29. Doc. 584-87: Doc. 584-87 is not subject to attorney-client privilege or work product protection and shall be produced.

To the extent there are any remaining documents disclosed in the privilege log that are not identified in this analysis, the privilege is deemed waived, and those documents shall be produced.

## II. Discussion

The briefing on Chartwell's motion to compel by the parties totaled 104 pages of points and authorities and 351 pages of exhibits. The NRA's privilege log contained 587 pages of documents. This makes a grand total of 1,042 pages of legal arguments, exhibits, and documents, which by today's litigation standards, is not especially voluminous. However, of the 587 pages of documents the NRA deemed privileged or otherwise protected, the court found that only *forty-five* pages are protected from disclosure. This amounts to *7.6 percent* of the pages presented for *in camera* review. Of that same 587 pages, only *nine* pages were subject to redactions. Looking at it another way, of the ninety documents the NRA considered privileged, the court found only twelve were privileged or subject to work product protection. The court finds the amount of time, money, and effort devoted to resolution of this particular dispute in relation to the outcome is disproportionate.

The Federal Rules of Civil Procedure were amended in December 2015, in part, to address the challenges facing attorneys, their clients, and the court in managing electronic discovery in the twenty-first century. One overarching principle of the amendments is for "the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. The foundation of the amended rules embody four very basic principles: competence, preparation, reasonableness, and cooperation. *See generally The Federal Judges' Guide to Discovery* 16-21 (Robert D. Owen, et al. eds., 2d. ed. 2015). It is imperative that attorneys and their clients recognize that without close attention to these principles, complex litigation will only take more time, cost more money, and completely frustrate the "just, speedy, and inexpensive resolution of every action and proceeding."

Discovery in this case ends July 15, 2016 (#238), and the District Court recently confirmed this deadline will not be extended (#367). That leaves the parties fifteen weeks to complete written

discovery, deposition discovery, as well as expert discovery. The court expects that at the April 18, 2016 case management conference, counsel for the parties will report resolution on all outstanding written discovery discussed at the March 14, 2016 case management conference, and that they will provide a thorough and comprehensive schedule for deposition discovery (#364). Counsel are advised that if discovery disputes cannot be reasonably and promptly resolved, *all* lead counsel for the parties shall be required to attend all future case management conferences in person. Furthermore, the court may consider weekly or bi-weekly case management conferences to assure discovery is completed by July 16, 2016.

### III. Conclusion

Based upon the foregoing Chartwell's motion to compel (#338) is **GRANTED IN PART AND DENIED IN PART** as set forth herein. The NRA shall produce the documents to Chartwell in accordance with this order no later than the close of business on **Wednesday, April 6, 2016,** Pacific Time.

The Nevada Resort Association shall make arrangements to pick up the documents submitted *in camera* on or before **Wednesday, April 6, 2016** or they shall be destroyed by the court.

**IT IS SO ORDERED.**

**DATED**: Friday, April 01, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**