1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SIERRA DEVELOPMENT CO.<br>                               Plaintiff,<br><br>       vs.<br><br>CHARTWELL ADVISORY GROUP, LTD.<br>                               Defendant.<br>-------------------------------------------------<br>CHARTWELL ADVISORY GROUP, LTD.<br>                       Counterclaimant,<br>vs.<br>SIERRA DEVELOPMENT CO., et al.,<br>                       Counterdefendants. | CASE NO. 13cv602 BEN (VPC)<br><br>**ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AGAINST STATION CASINOS, INC.**<br><br>[Dkt. # 272] |

26

        Counterdefendant Station Casinos Inc. moves to dismiss or stay proceedings

against it by Counterclaimant Chartwell Advisory Group Ltd. pursuant to the

*Colorado River* abstention doctrine.  The motion is denied without prejudice.

**BACKGROUND**

About the same time Chartwell filed its counterclaim against Station Casinos and others in this case, Station Casinos filed an action in Nevada state court raising similar issues.  The state case is scheduled for trial in May.

**DISCUSSION**

To further the purposes of wise judicial administration, a federal court may abstain or stay a federal case in favor of a parallel state proceeding.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).  To decide whether a particular case warrants a *Colorado River* stay or dismissal, "the district court must carefully consider 'both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'"  *R.R. Street & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818).  In considering a stay, a district court looks at eight factors.

> [W]e have recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 978-79 (citations omitted).  These factors weigh against a stay.

The first two factors are irrelevant in this case because the dispute does not involve a specific piece of property, and both the federal and state forums are located in Nevada.

The third factor weighs in favor of a stay, because "'[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" *Id.* at 979 (quoting *Am. Int'l Underwriters,*

1   *(Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)).

2   However, piecemeal litigation may be avoided in this Court if the parties will alert

3   this Court in the event the state court reaches a dispositive decision.  In that event,

4   either party may re-urge the motion to stay or abstain.

5       The fourth factor, the order in which the forums obtained jurisdiction, weighs

6   neither for nor against a stay because the two actions were filed within the same

7   time frame.

8       The fifth factor weighs slightly in favor of a stay.  Both cases involve state

9   law claims.  Neither case involves a federal claim.  While the state law claims are

10   fairly common, resolution of the claims will likely require an understanding of state

11   laws of taxation upon which the state court may have greater familiarity.

12       The sixth factor weighs neither for nor against a stay.

13       The seventh factor weighs neither for nor against a stay as there is no

14   convincing evidence of forum shopping by either party.

15       The eighth factor weighs slightly against a stay.  The eighth factor considers

16   whether the state action will resolve all of the issues before the federal court.  A

17   decision on the merits of the state claims in state court may resolve the specific state

18   claims against Station Casinos before the this Court, but state claims and issues will

19   remain against the other numerous counterclaimants in this action.

20       The eight factors together weigh slightly in favor of staying the federal case

21   with respect to the counterclaim against Station Casinos.  The slight favor is

22   insufficient when measured against the unflagging obligation of a federal court to

23   decide cases and controversies.  "Only in rare cases will 'the presence of a

24   concurrent state proceeding' permit the district court to dismiss a concurrent federal

25   suit 'for reasons of wise judicial administration.'"  *R.R. St. & Co. Inc.*, 656 F.3d at

26   977-78.  Other mechanisms are available to avoid the deleterious effects of

27   litigating in parallel forums.  *Id.* at 979 ("But it would be improper for a court to

28   stay or dismiss a case based on a possibility of piecemeal adjudication that the court

could have avoided by other means.").  For example, when the time for trial in this Court arrives, if the state court is on the verge of rendering a decision that may have preclusive effect, the parties may move to sever their federal trial and seek to have it scheduled after the trial(s) against other federal counterclaimants.  It is noted that the state court has set a bench trial to begin May 23, 2016.  Motion to Dismiss (Dkt. # 272), Exhibit "E."

Although this Court has discretion to stay or abstain based on the *Colorado River* doctrine, the wiser administration of judicial resources counsels in favor of proceeding.

**CONCLUSION**

Counterdefendant Station Casinos, Inc.'s motion to dismiss or to stay is denied, without prejudice.  The parties are directed to file a notice with this Court in the event the state case is concluded in the trial court and in the event the trial date is changed by more than 60 days.

**IT IS SO ORDERED.**

DATED:  May 2, 2016

_____
Hon. Roger T. Benitez
United States District Judge