1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## DISTRICT OF NEVADA

7   SIERRA DEVELOPMENT CO.                CASE NO. 13cv602 BEN (VPC)
                              Plaintiff,
8                                          ORDER

9                                          DENYING STATION CASINOS,
                                           INC.'S MOTION TO DISMISS OR, IN
10                                         THE ALTERNATIVE, FOR
                                           SUMMARY JUDGMENT
11      vs.
                                           [Dkt. # 320]
12
                                           AND
13
14                                         GRANTING CHARTWELL
                                           ADVISORY GROUP, LTD.'S
    CHARTWELL ADVISORY GROUP,              MOTION FOR LEAVE TO FILE
15  LTD.                                   SECOND AMENDED ANSWER,
                                           AFFIRMATIVE DEFENSES, AND
16                         Defendant.      COUNTERCLAIMS

17  ---------------------------------------  [Dkt. # 319]

18  CHARTWELL ADVISORY GROUP,
    LTD.
19
                          Counterclaimant,
20
    vs.
21
    SIERRA DEVELOPMENT CO., et
22  al.,

23                     Counterdefendants.

24
25
26          Counterdefendant Station Casinos, Inc. moves to dismiss, or in the
27  alternative, moves for summary judgment on the counterclaims of Chartwell
28  Advisory Group, Ltd.  At the same time, Chartwell Advisory Group, Ltd. moves for
    leave to file a second amended answer, affirmative defenses, and counterclaim

- 1 -

1  chiefly to add claims against an entity (Station Casinos LLC) that purchased assets
2  from the bankruptcy estate of Station Casinos, Inc.  The motion to dismiss is treated
3  as a motion for summary judgment and is denied.  The motion for leave to file a
4  second amended counterclaim is granted.

5                                **BACKGROUND**

6          It is alleged that about 2002-2003, Chartwell and Station Casinos, Inc. inked
7  a professional services agreement.  According to the agreement, Chartwell would
8  seek tax refunds from the State of Nevada for the benefit of Station Casinos.  In
9  return, Station Casinos would pay Chartwell a percentage of the tax refund money
10 obtained.  These are the allegations.  In 2009, after Chartwell had expended efforts
11 to obtain the tax refunds, but before refunds were actually paid, Station Casinos,
12 Inc. filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy
13 Code.  Chartwell was not listed as a creditor.  In 2011, the U.S. Bankruptcy Court
14 confirmed the reorganization plan.  A second entity, Station Casinos LLC, allegedly
15 acquired the assets of Station Casinos, Inc.  It is alleged that Chartwell continued to
16 work to obtain tax refunds during and after the bankruptcy proceedings, at the
17 behest of Station Casinos, Inc. and Station Casinos, LLC.

18                               **DISCUSSION**

19         The two motions are related and filed on the same day.  For purposes of
20 judicial efficiency, the motion to dismiss or for summary judgment is addressed
21 first.

22 **A.   Station Casinos, Inc.'s Motion to Dismiss, or in the Alternative, for**
23 **Summary Judgment on the Counterclaims of Chartwell Advisory Group**

24         Station Casinos, Inc. moves to dismiss, or in the alternative, moves for
25 summary judgment on the counterclaims of Chartwell Advisory Group.  Federal
26 Rule of Civil Procedure 12(d) instructs that a motion to dismiss "must be treated as
27 one for summary judgment under Rule 56" where matters outside the pleadings are
28 presented.  Station Casinos, Inc. presents, *inter alia*, the professional services
agreement and the deposition testimony of Stephen F. Deviney in support of its

1    motion.  Deviney was Chartwell's president at the relevant times.  Because the
2    deposition testimony is a matter outside the pleadings, the motion to dismiss is
3    treated as a motion for summary judgment.  Summary judgment shall be granted if
4    there is no genuine dispute over a material fact and the movant is entitled to
5    judgment as a matter of law.  Fed. R. Civ. P. 56(a).

6         The crux of Station Casinos, Inc.'s argument is that any claim for money
7    based upon the professional services contract that Chartwell is pursuing in its
8    counterclaim was owed prior to, and was discharged in, the bankruptcy proceeding.
9    Therefore, the counterclaim should be dismissed – or judgment should be granted in
10   Station Casinos' favor.  Chartwell remonstrates that because it was not listed as a
11   creditor in the bankruptcy case, it did not receive formal notice of any of the
12   bankruptcy proceedings and the discharge does not bar its claims.

13        Station Casinos, Inc. points out that Chartwell had actual knowledge through
14   its president, Deviney, of the bankruptcy case and as a result, it had all the notice to
15   which it was due.  Furthermore, Deviney made a deliberate decision to forego filing
16   a claim against the bankruptcy estate.  Chartwell contends that because it was a
17   known creditor (even if it was a contingent creditor), and because it was a Chapter
18   11 bankruptcy (unlike a Chapter 7 or 13 bankruptcy), it was entitled to rely on
19   formal notice throughout the bankruptcy proceedings.   It received no formal notice
20   at any of the stages of the bankruptcy case.  Therefore, Chartwell argues, its claims
21   are not barred by the bankruptcy discharge.  Chartwell has the better argument.

22        Station Casinos, Inc., when it filed for bankruptcy protection, was not a small
23   company.[1]  For example, the mailing matrix of creditor names and addresses
24   includes 2,000 names and addresses.  Unsecured creditor claims ranged in size from
25   the $724.3M claim of the Law Debenture Trust Company as Trustee of the 6.875%

26

27        [1]Station Casinos, Inc. asks the Court to take judicial notice [Dkt. # 321] of
     various filings in the bankruptcy court proceedings.  Because they are matters of public
28   record, they are noticeable under Federal Rule of Evidence 201 and the request is
     granted.

Senior Subordinated Notes due March 2016, to the $80 claim of the Nevada Highway Patrol.  Exhibit A to the bankruptcy petition stated Station Casinos, Inc's total assets were $5,725,001,325.00 and total debts were $6,482,637,653.00. Station Casinos, Inc. could have included Chartwell as an unsecured creditor with a contingent claim in its bankruptcy filings.  It did not.

Deviney's deposition testimony indicates that he believed Station Casinos, Inc. owed Chartwell a fee as of 2008.  Deviney said he knew that Station Casinos, Inc. had filed for bankruptcy at some point, but had been offered assurances by a Mr. Nielson that, "I didn't have to do anything."  (*See* Station Casinos, Inc.'s Mot. to Dismiss, Ex. 2 p. 81, Tr. 316:10-19.)  Station Casinos argues that Deviney's actual knowledge of the bankruptcy placed the onus upon Chartwell to file a creditor claim.  Since Chartwell did not file a creditor claim, goes the argument, the claim was discharged and is now barred by operation of the Bankruptcy Code.

Unfortunately, the argument has been made and rejected before.  At least six Circuit Court of Appeals, including the Ninth Circuit, abide by the majority rule that a creditor's actual knowledge does not impose upon him an affirmative burden to intervene to present a claim, and that the creditor has a right to formal notice of the bankruptcy proceedings before his claims are barred forever.  *See Paging Network, Inc. v. Nationwide Paging, Inc.*, 534 F.3d 76, 83 (1st Cir. 2008); *In re Harbor Tank Storage Co.*, 385 F.2d 111, 115 (3d Cir. 1967); *Fogel v. Zell*, 221 F.3d 955, 964 (7th Cir. 2000); *In re Maya Constr. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996); *In re Unioil*, 948 F.2d 678, 684 (10th Cir. 1991); *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 835 (11th Cir. 1989); *Contra In re Christopher*, 28 F.3d 512, 518 (5th Cir. 1994).  The Ninth Circuit held, "if a known contingent creditor is not given formal notice, he is not bound by an order discharging the bankruptcy's obligations . . . .  The fact that a creditor has actual knowledge that a Chapter 11 bankruptcy proceeding is going forward involving a debtor does not obviate the need for notice."  *In re Maya Constr. Co.*, 78 F.3d at 1399; *see also Wand v. Roman Catholic*

1    *Archbishop of Portland*, CV 10-29-PK, 2010 U.S. Dist. LEXIS 141181, *12 (D. Or.

2    Dec. 1, 2010) ("[A]ny creditor whose claims are known to the debtor is entitled to

3    receive actual, formal notice of the claims bar date.  In the absence of such notice, a

4    known creditor is not bound by a bankruptcy court's order discharging the debtor's

5    obligations, even if the known creditor had actual knowledge of the bankruptcy

6    proceedings.").

7         Just as importantly, the bankruptcy-discharge argument has been rejected

8    previously by this Court, in this case.  Counterdefendant Affinity Gaming made a

9    similar argument in its motion to dismiss (filed Feb. 24, 2014) that Chartwell had

10   actual knowledge of bankruptcy but filed no proof of claim.  Affinity Gaming

11   argued that Chartwell's claim was barred by the bankruptcy discharge.  This Court

12   disagreed.  At a hearing on May 26, 2015, this Court[2] explained,

13            At this stage Chartwell's claims against Affinity . . .
         are not precluded by the . . . bankruptcy proceedings.  In
14       their motions, Affinity . . . argue[s] that any debt owed to
         Chartwell was discharged in bankruptcy proceedings by
15       their predecessors-in-interest.
             In an action affecting property interests, a
16       fundamental requirement of due process is notice
         reasonably calculated, under all of the circumstances, to
17       apprise interested parties of the pendency of the action and
         afford them an opportunity to present their objections.
18       That's *Mullane v. Central Hanover Bank and Trust
         Company*, 339 U.S. 306, page 314 (1950).
19           Generally, if a known contingent creditor is not
         given formal notice, he is not bound by any order
20       discharging the bankruptcy's obligations.  The fact that a
         creditor has actual knowledge that a Chapter 11
21       bankruptcy proceeding is going forward involving a
         debtor does not obviate that need for notice.  And that's *In
22       re Maya Construction Company*, 78 F.3d 1395, page 1399
         (9th Cir. 1996).
23           Notice is required where a creditor's identity is
         known or reasonably ascertainable by the debtor.  That's
24       *Tulsa Professional Collection Service, Incorporated v.
         Pope*, 485 U.S. 478 (1998).

25

26   (Decl. of Joshua D. Wolson in Opp'n to Station Casinos, Inc.'s Mot. to Dismiss, Ex.

27   H at 26-27.)

28

---

[2] The Honorable Richard F. Boulware, II, United States District Judge.

Because there is no genuine dispute as to the fact that Chartwell was not given official notice of the bankruptcy proceedings, and as to the fact that Chartwell had a contingent contract with the debtor at the time of the bankruptcy petition, Station Casinos, Inc.'s motion for summary judgment is denied.

### B. Chartwell Advisory Group, Ltd.'s Motion for Leave to File a Second Amended Answer, Affirmative Defenses, and Counterclaims

Chartwell Advisory Group, Ltd. moves for leave to file a second amended answer, affirmative defenses, and counterclaims in order to add claims against an entity that may be related to Station Casinos, Inc., *i.e.*, Station Casinos, LLC. Chartwell seeks to add claims against Station Casinos, LLC based on successor liability and post-bankruptcy-petition conduct. Counterdefendant Station Casinos, LLC makes an argument that there will be no successor liability and that there is insufficient conduct to impose post-bankruptcy-petition liability for Chartwell's work. However, these arguments must await a later stage in the proceedings.

At this stage, Chartwell proposes to add plausible claims for relief, and leave is to be freely given where no prejudice will be created. Fed. R. Civ. P 15(a)(2). Station Casinos, LLC opposes the proposed amendment but identifies no prejudice that will flow. Therefore, Chartwell's motion for leave to file its second amended answer, affirmative defenses, and counterclaims is granted.

### CONCLUSION

Counterdefendant Station Casinos, Inc.'s motion for summary judgment is denied. Counterclaimant Chartwell Advisory Group, Ltd.'s motion for leave to file a second amended counterclaim to add claims against Station Casinos, LLC is granted. The amended pleading shall be filed within ten days.

**IT IS SO ORDERED.**

DATED: May 4, 2016

Hon. Roger T. Benitez
United States District Judge