UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIERRA DEVELOPMENT CO. dba CLUB CAL NEVA,<br><br>                             Plaintiff,<br><br>     v.<br><br>CHARTWELL ADVISORY GROUP, LTD.,<br><br>                             Defendant.<br><br>AND RELATED CLAIMS. | Case No. 3:13-CV-0602-RTB (VPC)<br><br>**ORDER** |

Since discovery began in earnest in this case, the parties have exchanged many thousands of documents, and, quite predictably, this has resulted in many discovery disputes. This court has endeavored to manage this case with case management conferences on a weekly basis to assist the parties is resolving these disputes and to bring discovery to an end, as the District Court ordered (EFC No. 455). This order concerns the privilege log litigation and, more particularly, the July 22, 2016 case management conference (ECF No. 482).

**I.     Procedural Background**

    **A.     The Nevada Resort Association Privilege Log**

The first dispute concerned a privilege log that a nonparty, the Nevada Resort Association ("NRA"), submitted in response to Chartwell Advisory Group's ("Chartwell") *subpoena duces tecum*. *See* ECF Nos. 338, 345, 346, 347, 348, 351, 352 & 358. On April 1, 2016, this court issued its order and found that of the ninety documents considered to be privileged, only twelve were deemed privileged or subject to the work product doctrine (ECF

No. 368). The court admonished the parties to be mindful of Rule 1 of the Federal Rules of Civil Procedure (as amended) and to heed four basic principles: competence, preparation, reasonableness, and cooperation. *Id.* at 8 (citing *The Federal Judges' Guide to Discovery* 16-21 (Robert D. Owen, et al. eds., 2d. ed. 2015)).

### B.     The MGM Privilege Log

The second privilege log dispute centered around MGM Resorts International's ("MGM") privilege log in response to discovery requests. *See* ECF Nos. 423, 434, 442, 445, 457, 458, 467, 471, 478, 479, 480 & 489. After several delays in responding to discovery and completing its privilege log, MGM submitted its privilege log to the Court on June 28, 2016 (ECF No. 458). However, the Court could not make sense of the privilege log and gave MGM one final opportunity to submit an amended privilege log (ECF No. 478). MGM did so on July 19, 2016 (ECF No. 479). On August 1, 2016, the Court issued its order concerning the MGM privilege log (ECF No. 493). It will suffice to say, the court found very few of the documents submitted for *in camera* review to be subject to the attorney-client privilege, the common interest doctrine, or the functional equivalent doctrine.

### C.     The John Bartlett Privilege Log

The third privilege log concerns a *subpoena duces tecum* issued to John Bartlett, Esq. by counterdefendants. *See* ECF Nos. 453, 462, 470, 471 & 481. Mr. Bartlett responded by sending counterdefendants a series of privilege logs (ECF No. 462, Exhs. 2, 3, & 4), which the counterdefendants challenged as insufficient and asked that this issue be addressed promptly in light of the impending discovery deadline (ECF No. 462).

At the July 8, 2016 case management conference, Mr. Bartlett made an appearance and agreed to provide, if he deemed it necessary, an updated privilege log no later than July 13, 2016 (ECF No. 467). Mr. Bartlett did so, but this drew more objections from counterdefendants (ECF No. 470). In response, the court ordered Mr. Bartlett to prepare a new privilege log and provided specific instructions (ECF No. 478). Upon receipt of the updated privilege log, counterdefendants filed a case management report, (ECF No. 481), which challenged Mr. Bartlett's claim of privilege.

1. The court held its weekly case management conference on July 22, 2016, and having heard from Mr. Bartlett and the counterdefendants, ordered Mr. Bartlett to produce eleven documents *in camera* from his revised privilege log (ECF no. 482). Mr. Bartlett did so on July 25, 2016. The court is undertaking a review of the voluminous deposition transcripts, the papers filed, the documents submitted *in camera,* and it will issue an order.

### D.  The Reamdata Privilege Log

Reamdata is subject to counterdefendants' third party subpoena, and it provided the fourth privilege log in this case on July 27, 2016 (ECF No. 496). The court has yet to address these assertions of privilege.

### E.    The Chartwell Privilege Log

Chartwell's is the fifth privilege log, and counsel reported at the July 28, 2016 case management conference that it would produce its privilege log to counterdefendants by August 3, 2016 (ECF No. 491). The court has not yet addressed these assertions of privilege.

### D.    The Morrison Forester Privilege Log

Counterdefendants also served a *subpoena duces tecum* on Morrison Foerster, and in early July, the law firm responded that it intended to withhold certain documents for privilege (ECF No. 470). This is the sixth privilege log. At the July 14, 2016 case management conference, the court noted that the privilege log was still outstanding (ECF No. 478). The Court ordered that Mr. Bergin of Morrison Foerster be present at the next case management hearing to address this document production and completion of the privilege log. *Id.*

Mr. Bergin of Morrison Foerster appeared telephonically at the July 22, 2016 case management conference, and he advised the court that additional documents and the privilege log would be produced on Monday, July 25, 2016 (ECF No. 482). However, on July 25, 2016, Mr. Bergin sent all counsel a copy of the privilege log, but indicated a final supplemental production would be forthcoming (ECF No. 489, Exhs. 1, 2, 3, & 4).

1  II.     **Discussion**

2      A.     **The July 22, 2016 Case Management Conference**

3  This brings the court to the July 22, 2016 case management conference. Given the number of privilege log disputes remaining, the court listened to the recording of this hearing to review arguments of counsel. Present at the hearing telephonically were the following attorneys: Joshua Wolson, Joel Schwartz, Kate Easterling, Todd Bice, Robert Ryan, John Bartlett, and James Bergin (ECF No. 482).

The court invites counsel for the parties to review a partial transcript of the hearing, commencing at 9:10 a.m. It is all of five pages, and the court particularly directs counsel's attention to page 4, lines 12-13.

The court has recounted at length the challenges posed in this case concerning discovery litigation over the six privilege logs. The court has had to direct counsel to re-submit deficient privilege logs, and the court has undertaken painstaking review of the documents and the law on privilege in order to decide what documents should or should not be produced. This has taken a staggering amount of the court's time over the past several months. Imagine the court's genuine shock, followed by disappointment, at the unprofessional, uncivil comment of an unidentified lawyer at the July 22, 2016 hearing. This is the only occasion in seventeen years on the federal bench that such an incident has occurred.

Putting aside the lapse of professionalism and judgment by one of the attorneys present, it causes the court to wonder: Is this indeed a waste of time? If it is, the court will gladly dispense with the burden of plodding through *four* more privilege logs, the documents, the hundreds of pages of deposition transcripts, and in conducting the legal research necessary to issue a proper order.

This court shall suspend consideration of all remaining privilege log disputes until counsel advise the court how they wish to proceed.

**IT IS SO ORDERED**.
DATED: August 3, 2016.

_____
VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE