UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIERRA DEVELOPMENT CO. dba CLUB CAL NEVA,<br><br>                              Plaintiff,<br><br>        v.<br><br>CHARTWELL ADVISORY GROUP, LTD.,<br><br>                              Defendant.<br><br>AND RELATED CLAIMS. | Case No. 3:13-CV-0602-RTB (VPC)<br><br>**ORDER** |

      On August 5, 2016, this District Court held a status conference in this case.  The Court set the joint pretrial conference for November 18, 2016 at 10:00 a.m. and set the trial for January 24, 2017 at 9:00 a.m.  The discovery deadline for non-expert evidence was July 28, 2016, and the deadline for expert evidence was August 4, 2016.  (ECF No. 455). The dispositive motions deadline is currently August 22, 2016.  *Id.*

      The District Court deferred to this court with respect to requested extensions of non-expert discovery and the dispositive motions deadline.  This court will extend the dispositive motions deadline to September 23, 2016.  However, the court will not extend the discovery deadlines in this case.

      As outlined in its August 3, 2016 order, there are four privilege log disputes pending before this court (ECF No. 497).  Each is discussed in turn.

A. **The Privilege Logs**

    1. **The John Bartlett Privilege Log**

The parties have submitted points and authorities regarding Mr. Bartlett's privilege log, and Mr. Bartlett submitted certain court-ordered documents for the court's *in camera* review. The court will issue its order in due course.

    2. **The Reamdata Privilege Log**

Although this privilege log is subject to a dispute, nothing has been submitted to the court for *in camera* review. If this document production remains in dispute, the privilege log shall be submitted to the court for *in camera* review no later than Wednesday, August 10, 2016, by 5:00 p.m. Pacific Time.

    3. **The Chartwell Privilege Log**

If disputes remain regarding privilege as to this document production, the privilege log shall be submitted to the court for *in camera* review no later than Wednesday, August 10, 2016, by 5:00 p.m. Pacific Time.

    4. **The Morrison Foerster Privilege Log**

Mr. Bergin of Morrison Foerster appeared telephonically at the July 22, 2016 case management conference and reported that additional documents and the privilege log would be produced by Monday, July 25, 2016 (ECF No. 482). That deadline passed eleven days ago, and the court has received nothing. Morrison Foerster shall produce its privilege log no later than Wednesday, August 10, 2016, by 5:00 p.m. Pacific Time.

B. **Privilege Log Instructions**

If the privilege logs identified above are not produced on August 10, 2016, the privilege will be deemed waived as to all documents deemed privileged, and they shall be produced no later than Friday, August 12, 2016, 5:00 p.m. Pacific Time.

If privilege logs are submitted for *in camera* review, all counsel – including counsel for third parties – are ordered as follows:

    1. If there are identical emails, documents or communications that appear multiple times, state as much so that the court is not burdened by

reviewing copies of the same document multiple times.

2. Identify senders and recipients of documents or communications in a common-sense way that will assist the court in understanding who the individuals are.

3. Describe in as much detail as possible the nature of the communication at issue.

4. Describe in detail the *exact* nature of the privilege being asserted and why.

5. Organize documents in a common-sense fashion. For example, do not provide the documents in bates-numbered order in the binder and then ask the court to consider the documents in reverse order.

6. If parties color-code the privilege log, deliver the color-coded privilege log to chambers.

7. If it will be helpful to the court, counsel have leave to provide an introductory explanation about the privilege log, its contents, any specific explanation about which legal theory is the basis of the privilege, i.e., attorney-client, common interest doctrine, functional equivalent doctrine, work product doctrine.

The parties shall have *one* opportunity to submit a privilege log that comports with these instructions. If the privilege log does not, the court will deem the privilege waived and order the documents produced forthwith.

**IT IS SO ORDERED**.

DATED: August 5, 2016.

_____
VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE