**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SIERRA DEVELOPMENT CO.<br>  Plaintiff,<br>vs.<br>CHARTWELL ADVISORY GROUP, LTD.<br>  Defendant.<br>------------------------------------------------<br>CHARTWELL ADVISORY GROUP, LTD.<br>  Counterclaimant,<br>vs.<br>SIERRA DEVELOPMENT CO., et al.,<br>  Counterdefendants. | CASE NO. 13cv602 BEN (VPC)<br>**ORDER DENYING MOTION TO STRIKE COUNTERCLAIMS**<br>[Dkt. # 460] |

Counterclaimant Chartwell Advisory Group Ltd. moves to strike counterclaims (herein referred to as counter-counterclaims) asserted in response to Chartwell's Second Amended Answer and Counterclaim (filed May 13, 2016). The motion is denied.

- 1 -

# BACKGROUND

Four groups of counterclaim Defendants filed answers which included (for the first time) counter-counterclaims against Chartwell.[1]  Chartwell asserts that they have known about the basis for their newly-filed counter-counterclaims for months, if not years.  Due to their delay, the counterclaiming casinos could not have obtained leave of court under either Rule 16 or Rule 15, according to Chartwell.  Because those rules posed a problem for the casinos, argues Chartwell, they did not seek leave at all.  Instead, they asserted the newly-filed counter-counterclaims in their response to the Second Amended Answer and Counterclaim ("SAAC").  The problem according to Chartwell, however, is that none of the newly-filed counter-counterclaims has anything to do with the new allegations in the SAAC.  The counter-counterclaims introduce claims that Chartwell breached contracts that it had with the counterclaiming Casinos and that it breached a fiduciary duty.  Chartwell argues that they raise questions of causation – whether Chartwell's conduct actually caused harm to the counterclaiming Casinos.  The counter-counterclaims would lead to the introduction of new affirmative defenses, such as waiver and estoppel, in Chartwell's view.  Moreover, in order to prepare a defense to the newly-filed counter-counterclaims, Chartwell would have to revisit document discovery, including searches of electronically-stored information, although discovery has

---

[1] The casinos filed their counter-counterclaims on June 7, 2016.  Pioneer Hotel, Inc. filed its answer and counter-counterclaims (dkt # 435) asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.
MSE Investments, Inc., Gold Strike Investments, Inc., Newcastle Corp. and Ramparts, Inc. (collectively "MSE") filed its answer and counter-counterclaims (dkt # 436) also asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.
Golden Nugget, Inc., GNLV Corp., and Golden Nugget Hotels and Casinos (collectively "Golden Nugget") filed its answer and counter-counterclaims (dkt # 438) also asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.
Lastly, Harrah's Las Vegas, LLC, Harrah's Laughlin, LLC, and Rio Properties, LLC filed their answer and counter-counterclaims (dkt # 439) also asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.

come to an end.  Chartwell says that it would also have to revisit expert disclosures, even though the deadline for those disclosures has passed, to address standard-of-care issues that the counter-counterclaims introduce.

Chartwell argues that the law does not permit the counterclaiming Casinos to assert their counter-counterclaims as of right, particularly at this late date. According to Chartwell, courts in the Ninth Circuit consistently hold that in responding to an amended pleading, a party can assert new defenses or counterclaims only to the extent the new defenses or counterclaims arise from changes to the theory or scope of the underlying case.  Chartwell says that is not the case here.  Instead, the SAAC does not make any new allegations about any of the counterclaiming Casinos.

The counterclaiming casinos oppose the motion to strike.

## DISCUSSION

The counter-counterclaims add little to the case.  The breach of contract claims asserted by the casinos are based on the same contract upon which Chartwell brings its contract claims.  The fiduciary duty claims are based on the same business relationships. The late-in-the-litigation counter-counterclaims do not substantially prejudice Chartwell because they focus on the same factual controversy.  The general consideration of deciding cases on the merits weigh against striking the counter-counterclaims.  Federal procedural rules also pave the way for such counter-counterclaims.

There are three Federal Rules of Civil Procedure that are implicated by the instant motion: Rule 12(f), which governs motions to strike, Rule 15(a), which governs amendments to pleadings, and former Rule 13(f), which governed the addition of omitted counterclaims.  The 2009 Amendments to the Federal Rules of Civil Procedure made changes to Rule15(a) and abrogated Rule 13(f).

No appellate court has squarely addressed whether counterclaims filed in response to an amended complaint pursuant to Rule 15 must be permitted as of

right. *Vista Engineering Tech., LLC v. Premier Tech., Inc.*, No CV 09-8-E-BLW, 2010 WL 2103960, n.1 (D. Idaho May 25, 2010); *Elite Entm't, Inc. v. Khela Bros. Entm't,* 227 F.R.D. 444, 446 (E.D. Va. 2005); *see also Childress v. Liberty Mut. Fire Ins. Co.,* C10–059RSL, 2011 WL 2071200, at *1 (W.D. Wash. May 25, 2011). Consequently, district courts followed three lines of cases under the prior version of the Federal Rules of Civil Procedure. *Elite Entm't,* 227 F.R.D. at 446 (citing *Uniroyal Chem. Co. v. Syngenta Crop Prot., Inc.*, No. 02cv2253 (AHN), 2005 WL 677806, at *1 (D. Conn. March 23, 2005)). These three approaches have been characterized as narrow, moderate, and permissive. Courts applying the narrow approach held that an amended answer must be confined specifically to the amendments to the complaint. At the opposite end of the spectrum, those applying the permissive view held that the defendant is allowed to plead anew to the amended complaint as though it were the original complaint. In between these two views, the moderate approach held that the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint. The abrogation of Rule 13(f) in 2009, superseded those cases following the narrow approach. And the permissive approach deprives the Court of the ability to effectively manage litigation.

Federal Rule of Civil Procedure 12(f) provides that a court may strike an insufficient defense. "A district court has broad discretion in deciding whether to strike matters from pleadings." *F.D.I.C. v. Willetts,* 882 F. Supp. 2d 859, 870 (E.D.N.C. 2012), *reconsideration denied* (Oct. 2, 2012) (citing *Renaissance Greeting Cards, Inc. v. Dollar TreeStores, Inc.,* 227 Fed. Appx. 239, 246 (4th Cir. 2007)). However, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt.Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)).

The Court notes that it has broad discretion in deciding whether to strike matters from pleadings. *F.D.I.C.,* 882 F. Supp. 2d at 870. In view of the minimal prejudice to Chartwell and the Rule 15 admonition that leave should be freely given when justice requires, the Court exercises its discretion and permits the casinos' counter-counterclaims to proceed. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

The motion to strike is denied.

**IT IS SO ORDERED.**

DATED: November 18, 2016

_____
Hon. Roger T. Benitez
United States District Judge