# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SIERRA DEVELOPMENT CO.<br>Plaintiff,<br>vs.<br>CHARTWELL ADVISORY GROUP, LTD.<br>Defendant.<br>------------------------------------------------<br>CHARTWELL ADVISORY GROUP, LTD.<br>Counterclaimant,<br>vs.<br>SIERRA DEVELOPMENT CO., et al.,<br>Counterdefendants. | CASE NO. 13cv602 BEN (VPC)<br><br>ORDER ON MOTIONS IN LIMINE |

A1. Chartwell's Motion in Limine to Exclude the Testimony of Jeremy Aguero [ECF No. 583]. Granted. Jeremy Aguero is prohibited from testifying and offering his legal opinions or legal/factual conclusions which invade the province of the Court.

- 1 -

1       A2. Chartwell's Motion in Limine to Exclude Evidence Regarding this Court's Prior Summary Judgment Orders [ECF No. 584]. In view of the waiver of jury trial, this motion is denied as moot.

      B1. Counterclaim Defendants' Joint Motion in Limine No. 1 to Preclude Testimony Based on Non-Preserved Evidence and for a Negative Evidentiary Inference [ECF No. 588]. Denied. Chartwell did not violate an obligation to preserve evidence in anticipation of litigation until it reasonably anticipated litigation with its clients. That occurred after 2008.

      B2. Counterclaim Defendants' Joint Motion in Limine No. 2 to Exclude: (1) All Evidence Not Produced in Discovery; and (2) All Evidence and Argument Regarding Legal Theories Not Alleged in the Pleadings [ECF No. 592]. (1) Denied, without prejudice. (2) Granted.

      B3. Counterclaim Defendants' Joint Motion in Limine No. 3 to Exclude: (1) All Evidence or Computations of Unjust Enrichment Damages; (2) the Expert Testimony of Richard Ostiller [ECF No. 593]. Denied. Richard Ostiller may offer his expert testimony regarding methods and means for calculating unjust enrichment valuations, if any. <u>See Certified Fire Prot. Inc. v. Precision Constr. Inc.</u>, 128 Nev. 371, n.3 (Nev. 2012) (actual value of recovery is usually the lesser of the market value or the price defendant was willing to pay).

      B4. Counterclaim Defendants' Joint Motion in Limine No. 4 to Allow the Use of Video Clips from Depositions in Opening Statements [ECF No. 587]. In view of the waiver of jury trial, this motion is denied as moot.

      B5. Counterclaim Defendants' Joint Motion in Limine No. 5 to Exclude Evidence of Work Done by Chartwell for Non-Parties [ECF No. 589]. Denied, without prejudice. This type of evidence bears upon the unjust enrichment claim that Chartwell helped orchestrate the industry-wide settlement with the State of Nevada.

B6.  Counterclaim Defendants' Joint Motion in Limine No. 6 to Exclude Any Evidence that Counterclaim Defendants had the "Right to a Refund" [ECF No. 590]. Denied, without prejudice.  Such evidence bears upon the claim that a right to a refund was traded for a tax moratorium and the value of the trade.

B7.  The Harrah's Parties Motion in Limine to Preclude Chartwell from Referring to the Harrah's Parties Collectively as "Caesars" [ECF No. 585].  In view of the waiver of jury trial, this motion is denied as moot.

B8.  The Mandalay Parties' Motion in Limine No. 1 to Preclude Chartwell from Referring to the MGM Parties' Collectively as "MGM" and/or "Mandalay" [ECF No. 586].  In view of the waiver of jury trial, this motion is denied as moot.

**IT IS SO ORDERED.**

DATED:  May 4, 2017

_____
Hon. Roger T. Benitez
United States District Judge